# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY LETRICE TOWNSEL, | Case No.: 1:19-cv-01394-NONE-JLT (HC) |
| Petitioner, | FINDINGS AND RECOMMENDATION TO DENY RESPONDENT'S MOTION TO DISMISS |
| v. | |
| RON DAVIS, | [Doc. 19] |
| Respondent. | [TEN-DAY OBJECTION DEADLINE] |

Petitioner filed a petition for writ of habeas corpus on October 4, 2019. (Doc. 1.) On January 14, 2020, Respondent filed a motion to dismiss the petition for lack of verification of a memorandum included with the petition. (Doc. 19.) Petitioner filed an opposition to the motion on February 4, 2020, which includes a declaration swearing to the contents of the memorandum at issue. (Doc. 21.) For the reasons that follow, the Court will recommend that Respondent's motion be DENIED as moot.

## DISCUSSION

I.      Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's

1

procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same). Thus, a respondent can file a motion to dismiss after the court orders a response, and the court should use Rule 4 standards to review the motion. See Hillery, 533 F. Supp. at 1194 & n. 12.

In this case, Respondent's motion to dismiss is based on a lack of verification. Because Respondent's motion to dismiss is similar in procedural standing to a motion to dismiss for failure to exhaust state remedies or for state procedural default, and Respondent has not yet filed a formal answer, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

II.     Verification

Petitioner used the form petition pursuant to 28 U.S.C. § 2254 for filing his petition and included claims 1 through 4 in the spaces provided, incorporating by reference the corresponding claim in the memorandum of points and authorities. (Doc. 1 at 8-14.) The memorandum includes a total of 18 claims. (Doc. 1-3.) Respondent argues that it is an issue that Petitioner did not swear to the truth of the memorandum that was filed with the petition. (*See* Doc. 19.) Respondent contends that the petition specifically references claims 1 through 4 and is itself sworn, therefore, "the obvious reading is that Petitioner has in fact read the contents of the Memorandum with respect to Claims 1 through 4, and that he specifically swears under penalty of perjury that he knows those contents to be the truth." (Doc. 19 at 2.) However, Respondent alleges that there is no statement in the petition as to claims 5 through 18, and because Petitioner did not swear to the truth of the contents of the memorandum, the unsworn claims 5 through 18 cannot proceed. (Doc. 19 at 2.) Respondent further notes that "[i]f Petitioner seeks to proceed on all claims in the Memorandum, he may simply submit to this Court a declaration that he has read the contents of the Memorandum, and that he swears under penalty of perjury that those contents are true, with the date of his swearing." (Doc. 19 at 3.)

In his opposition to the motion, Petitioner explains that he used the designated form petition that includes space for four claims and followed the form's directive to "[a]ttach additional pages if you have more than four grounds." (Doc. 21 at 1; Doc. 1 at 8.) Petitioner states that he included with

the form the memorandum of points and authorities that set forth all 18 claims. (Doc. 21 at 1.) Petitioner notes that he signed the form under penalty of perjury, attesting to the truth of the contents of the form. (Doc. 21 at 2.) In response to Respondent's contention that a declaration needs to be filed, Petitioner contends that no such declaration is required; however, Petitioner did include a signed and dated declaration with his opposition, which states that Petitioner "read the contents of the Memorandum of Points and Authorities before filing the petition and swear[s] the contents are true." (Doc. 21 at 2-3.)

Local Rule 131 requires a document submitted to the Court for filing to include an original signature. In addition, Rule 2(c) of the Rules Governing Section 2254 Cases requires a petition for writ of habeas corpus to "be signed under penalty of perjury by the petitioner."

Petitioner filed a signed petition on October 4, 2019 (Doc. 1 at 18), and a signed declaration on February 4, 2020 (Doc. 21 at 3). Because the originally filed petition was signed, and Petitioner corrected any defect that may have existed with verifying the memorandum, it is recommended that Respondent's motion to dismiss the Petition based on Petitioner's failure to verify be DENIED as moot. See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) (an unsigned and unverified petition is a defect "that the district court may, if it sees fit, disregard.").

**RECOMMENDATION**

Accordingly, the Court RECOMMENDS that Respondent's motion to dismiss be DENIED as moot, and Respondent be DIRECTED to file an answer to the petition.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within ten days after being served with a copy, any party may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).

///

///

The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **February 21, 2020**        **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE