UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY LETRICE TOWNSEL<br><br>    Petitioner,<br><br>    v.<br><br>RON DAVIS<br><br>    Respondent. | Case No. 1:19-cv-01394-JLT-CDB  (HC)<br><br>**ORDER CERTIFYING A CONSTITUTIONAL CHALLENGE TO THE UNITED STATES ATTORNEY GENERAL**<br><br>(Doc. 77) |

Anthony Letrice Townsel is a state prisoner proceeding through counsel with his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). The matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. On February 27, 2025, the undersigned issued Findings and Recommendations recommending that the petition for writ of habeas corpus be denied as without merit, and that the court decline to issue a certificate of appealability. (Doc. 73). Specifically, the undersigned concluded Petitioner failed to show that the state court's denial of each of his claims was either contrary to, or an unreasonable application of, clearly established federal law or based on an unreasonable determination of the facts as required to satisfy the deferential standard set forth in 28 U.S.C. § 2254(d). (*See id.* at 9-27).

On June 11, 2025, Petitioner filed objections to the Findings and Recommendations and a notice of constitutional question pursuant to Federal Rule of Civil Procedure 5.1. (Docs. 76, 77). Of relevance here, Petitioner asserts that "this case involves a question of whether it is

constitutional for Article III judges to defer to state court decisions under 28 U.S.C. § 2254(d)" in light of the United States Supreme Court's decision in *Loper Bright Enterprises, et al. v. Raimondo*, 603 U.S. 369 (2024).  (Doc. 77 at 1).

Under Federal Rule of Civil Procedure 5.1(a), a party challenging the constitutionality of a federal statute in an action where the United States is not a party must promptly file a notice of constitutional question and serve the notice on the United States Attorney General.  In such circumstances, "[t]he court must, under 28 U.S.C. § 2403, certify to the appropriate attorney general that a statute has been questioned." Fed. R. Civ. P. 5.1(b).  The Attorney General may elect to intervene within 60 days after the notice is filed or the court certifies the challenge, whichever is earlier.  Fed. R. Civ. P. 5.1(c).

Here, Petitioner has called into question the constitutionality of 28 U.S.C. § 2254(d).  (*See* Doc. 77 at 1).  Accordingly, the Court is required to certify the constitutional challenge to the Attorney General.  The certificate of service accompanying the notice of constitutional challenge indicates a copy was served on United States Attorney General Pamela Bondi through certified mail on June 11, 2025.  (Doc. 77-1).  In accordance with Rule 5.1(c), the Attorney General has 50 days, or until August 11, 2025, to intervene in this action.

Accordingly, it is ORDERED:

1. The Court hereby CERTIFIES to the United States Attorney General that a constitutional challenge to a federal statute has been made;
2. The Clerk of Court is DIRECTED to send a copy of this Order, accompanied by the Notice of Constitutional Challenge (Doc. 77) and the Findings and Recommendations (Doc. 73), to the Office of the United States Attorney General and to the Office of the United States Attorney for the Eastern District of California[1];

///

///

///

---

[1] *See* Fed. R. Civ. P. 4(i)(1).

3. No later than August 11, 2025, the Attorney General may elect to intervene to address the constitutional issue; and

4. If the Attorney General fails to timely intervene or otherwise involve herself in this action, the pending Findings and Recommendations will be deemed submitted before the presiding district judge.

IT IS SO ORDERED.

Dated: **June 27, 2025**

UNITED STATES MAGISTRATE JUDGE