1
2
3
4
5
6
7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11   ANTHONY LETRICE TOWNSEL | Case No. 1:19-cv-01394-JLT-CDB (HC) |
| 12              Petitioner, | ORDER ADOPTING IN PART AND DECLINING IN PART FINDINGS AND |
| 13          v. | RECOMMENDATIONS, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, |
| 14   RON DAVIS, | ISSUING A CERTIFICATE OF APPEALABILITY FOR CLAIMS 1 AND 2, |
| 15              Respondent.[1] | AND DIRECTING THE CLERK OF COURT TO SUBSTITUTE STEPHEN SMITH AS |
| 16 | RESPONDENT AND CLOSE THE CASE |
| 17 | (Doc. 73) |

18         Anthony Letrice Townsel is a state prisoner who is serving a sentence of life without the

19   possibility of parole.[2] He has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §

20   2254.  (Doc. 1.) The assigned Magistrate Judge issued Findings and Recommendations

21   recommending that the petition for writ of habeas corpus be denied as without merit, and that the

22   Court decline to issue a certificate of appealability.  (Doc. 73.)

23

24   [1] A CDCR California Incarcerated Records and Information Search ("CIRIS") shows that petitioner is
     incarcerated at Pelican Bay State Prison, in the care and custody of Warden Stephen Smith.  *See*
25   Ciris.mt.cdcr.ca.gov (last visited October 20, 2025).  Pursuant to Federal Rule of Civil Procedure 25(d),
     Warden Smith is substituted as Respondent in place of his predecessor warden(s).
26

27   [2] On May 31, 2019, Petitioner's death sentence imposed on September 13, 1991, was vacated pursuant to
     California Penal Code § 1376 upon the state's stipulation that he is intellectually disabled within the
28   meaning of *Atkins v. Virginia*, 536 U.S. 304 (2002).  (Doc. 1-2 at 250.)

1    Petitioner filed objections and a notice of constitutional question on June 11, 2025.[3]

2    (Docs. 76, 77.)  Respondent replied to the objections on June 24, 2025.  (Doc. 78.)  Pursuant to

3    Federal Rule of Civil Procedure 5.1(b), the Magistrate Judge certified the constitutional challenge

4    to the United States Attorney General on June 27, 2025, and allowed the Attorney General until

5    August 11, 2025, to intervene in this action.  (Doc. 79.)  On July 31, 2025, the United States filed

6    a notice of intervention and response to the certified constitutional question.  (Doc. 80.)

7    Petitioner's objections to denial of his Claims, which include his constitutional challenge

8    to 28 U.S.C. § 2254(d), are unpersuasive.  For example, Petitioner relies on *Loper Bright*

9    *Enterprises v. Raimondo*, 603 U.S. 369 (2024), to suggest that this Court should not defer to the

10   state court decisions pursuant to  § 2254(d).  (Doc. 76 at 9-14 citing to *"Loper Bright* and the

11   Great Writ," 56 Colum. Hum. Rts. L. Rev. 54, 54 (Winter 2025), Doc. 76-1; *see also* Doc. 77.)

12   There, the Supreme Court overruled *Chevron U.S.A. Inc. v. Natural Res. Def. Council, Inc.*, 467

13   U.S. 837 (1984), and held instead that federal courts should not defer to federal agency

14   interpretations of ambiguous statutes.  Respondent, in its reply to Petitioner's objections, observes

15   the Supreme Court has held 28 U.S.C. § 2254(d) constitutional in *Brown v. Davenport*, 596 U.S.

16   118, 127 (2022).  (Doc. 78 at 2-7.)  The United States, in its notice of intervention and response to

17   the constitutional question, submits that 28 U.S.C. § 2254(d)(1) does not encroach on the federal

18   judiciary's Article III powers, *Loper Bright* does not overrule precedent that affirmed

19   §2254(d)(1)'s constitutionality, this Court is bound to follow Supreme Court and Ninth Circuit

20   precedent concluding § 2254(d)(1) is constitutional, and Petitioner's contrary arguments lack

21   merit.  (Doc. 80 at 9-20.)

22   The Court rejects Petitioner's constitutional challenge.  No federal agency interpretation is

23   at issue here, nor is this a case about federal court deference to a federal agency.  *See Loper*

24   *Bright*, 603 U.S. at 400 ("Courts, after all, routinely confront statutory ambiguities in cases

25   having nothing to do with Chevron - cases that do not involve agency interpretations or

26   delegations of authority."); *see also  Stangel v. Wead*, 677 F. Supp. 3d 1141, 1172 (D. Haw.

27   _____

28   [3]In his objections, Petitioner withdraws Claim 14 (alleging juror misconduct at the guilt and penalty phases) in addition his previously withdrawn Claims 13, and 15-17.  (Doc. 76 at 9.)

2023), *aff'd*, 2024 WL 4540338 (9th Cir. Oct. 22, 2024)  (there is no clearly established federal law when a Supreme Court decision does not "squarely address[]" the issue . . .  or "establish[] an applicable general principle that 'clearly extends' to the case[.])"

Petitioner's objections also argue that the ineffective assistance of trial counsel and errors by the trial court left him to be tried while incompetent; deprived him of defenses including those based on his intellectually disability, mental illness, and mental state; and denied him a fundamentally fair trial.  (Doc. 76 at 14-18, 21-38.)  However, the Magistrate Judge did not err on deferential review in finding the state supreme court reasonably could reject these claimed federal constitutional errors, individually and cumulatively, given the record in its entirety including as to the weight and substantiality of expert and lay opinion evidence, and the insufficiency of asserted state law error as a basis for federal habeas relief.  Petitioner's mere disagreement with the Magistrate Judge's Findings and Recommendations is not a basis for the Court to find error.

Having found that Petitioner is not entitled to relief, the Court now turns to whether a certificate of appealability should issue. A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003); 28 U.S.C. § 2253.  If a court denies a habeas petition on the merits, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of [the petitioner's] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  *Miller-El*, 537 U.S. at 327; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  While a petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." *Miller-El*, 537 U.S. at 338.

Petitioner argues that if the Court adopts the Findings and Recommendations, it should issue a certificate of appealability.  (Doc. 76 at 18-20.)  The Court agrees with the Magistrate Judge's Findings and Recommendations that jurists of reason could not disagree with denial of Claims 3-12 and 18, or conclude issues presented therein are adequate to deserve encouragement to proceed further.  However, the Court disagrees with the Magistrate Judge's Findings and

3

1     Recommendations that jurists of reason could not disagree with denial of Claims 1 and 2, or

2     conclude issues presented therein are not adequate to deserve encouragement to proceed further.

3     Therefore, the Court will issue a certificate of appealability for Claims 1 and 2 and decline

4     issuance of a certificate of appealability for Claims 3-12 and 18.

5         In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the Court has conducted a

6     *de novo* review of the case. Having carefully reviewed the matter, the Court holds the Findings

7     and Recommendations denying the petition to be supported by the record and proper analysis.

8     Petitioner's arguments in his objections asserting the unconstitutionality of 28 U.S.C. § 2254(d)

9     are unavailing.[4]

10        The Court holds that jurists of reason could not disagree with denial of Claims 3-12 and

11     18, or conclude issues presented therein are adequate to deserve encouragement to proceed

12     further. The Court holds that jurists of reason could disagree with denial of Claims 1 and 2, or

13     conclude issues presented therein are adequate to deserve encouragement to proceed further.

14     Therefore, the Court finds a certificate of appealability is appropriate only for Claims 1 and 2.

15         Based upon the foregoing, the Court **ORDERS**:

16        1.     The Findings and Recommendations issued on February 27, 2025 (Doc. 73) are

17           **ADOPTED in PART** and **DECLINED in PART**.

18        2.     The petition for writ of habeas corpus (Doc. 1) is **DENIED**.

19        3.     The Court issues a certificate of appealability for Claims 1 and 2, but it declines to

20           issue a certificate of appealability for Claims 3-12 and 18.

21     ///

22     ///

23     ///

24     ///

25

26

27

28

---

[4] Other courts that have considered the issue have resoundingly rejected the argument that *Loper Bright* undermines the constitutionality of AEDPA. *See, e.g., Bates v. Sec'y, Fla. Dep't of Corr.*, 2025 WL 2305211, at *1 (11th Cir. Aug. 1, 2025) ("We hold that the district court's decision here - specifically, its rejection of Bates's argument that *Loper Bright* has rendered AEDPA deference unconstitutional - is not debatable. At bottom, the Supreme Court's decision in *Loper Bright* is an interpretation of the Administrative Procedure Act - not the Constitution."); *Miles v. Floyd*, 2025 WL 902800, at *3 (6th Cir. Mar. 25, 2025) ("*Loper Bright* does not address AEDPA or AEDPA deference.").

1      4.      The Clerk of the Court is directed to substitute Warden Stephen Smith as the

2              Respondent and to close the case.

3

4    IT IS SO ORDERED.

5      Dated:    **October 21, 2025**

UNITED STATES DISTRICT JUDGE